UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-01665-SSS-MAA | Date | April 13, 2026 |
|---|---|---|---|
| Title | *Lianny Leyva-Perez v. Secretary of Homeland Security et al.* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [DKT. NO. 1]**

Before the Court is Petitioner Lianny Leyva-Perez's Ex Parte Application for a Temporary Restraining Order, filed concurrently with her Petition for Writ of Habeas Corpus.  [Dkt. No. 1, "Pet." and "App"].  Respondents filed an Opposition.  [Dkt. No. 6].  Having considered the parties' arguments, relevant legal authority, and the record in this case, the Court **GRANTS** the Application for a Temporary Restraining Order.  [Dkt. No. 1, App].

## I.      BACKGROUND

Petitioner, a 33-year-old native and citizen of Cuba, entered the United States on August 30, 2021, at or near Yuma, Arizona.  [Pet., Ex. D].  Before her detention, Petitioner resided in Dallas, Texas, where she was employed as a driver for Amazon.  [*Id.* at 1; *id.*, Ex. D].  Petitioner was placed on an Order of Supervision and fully complied with all terms and conditions of that order, including regularly reporting to ICE as required.  [*Id.* at 2].

On August 22, 2024, Petitioner filed an application for adjustment of status under the Cuban Adjustment Act (Form I-485), which USCIS stamped received on

CIVIL MINUTES—
GENERAL   Initials of Deputy Clerk <u>iv</u>

August 28, 2024 (Receipt No. MSC2590001631).  [*Id.* at 2; *id.*, Ex. C].  That application remains pending before USCIS.  [*Id.* at 2].

On September 15, 2025, ICE detained Petitioner during a routine check-in in Dallas, Texas.  [*Id.* at 1; Leyva-Perez Decl. ¶ 3].  Petitioner was in full compliance with her Order of Supervision at the time of her arrest.  [*Id.* at 1].  She had not violated any condition of her supervision, nor had she engaged in any conduct that would justify detention.  [*Id.* at 2].

Petitioner's immigration court case remains pending before an Immigration Judge in Adelanto, with an individual hearing scheduled for April 14, 2026.  [*Id.* at 3–4; *id.*, Ex. E].  Petitioner has now been detained at the Adelanto Detention Facility for more than six months.  [*Id.* at 2].  Petitioner asserts that her continued detention causes severe emotional hardship and makes it difficult to pursue her immigration case and her pending adjustment application from custody.  [Leyva-Perez Decl. ¶ 9].

## II.    LEGAL STANDARD

To justify ex parte relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

For the Court to grant an application for a TRO, the moving party must show: (1) that she is "likely to succeed on the merits" of her underlying claim, (2) that she is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in [her] favor," and (4) that the requested injunction "is in the public interest."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012).  Under the sliding scale approach, a petitioner is entitled to a TRO if she has raised

CIVIL MINUTES— GENERAL    Initials of Deputy Clerk <u>iv</u>

"serious questions going to the merits . . . and the balance of hardships tips sharply in [his] favor."  *All. for the Wild Rockies*, 632 F.3d at 1131 (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).

## III.    DISCUSSION

First, the Court finds that Petitioner has made a sufficient showing of likelihood of success on the merits.  Once she was released and allowed to be at liberty, she retained a "protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. July 24, 2025) (collecting cases); *see also Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (noncitizens protected by Due Process Clause).  "[T]he government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi*, 792 F. Supp. 3d at 1032 (citation modified).  "[I]t is clear that there is a significant risk that the government will erroneously deprive [Petitioner] of that liberty interest if it does not provide her with a pre-detention hearing," as such a hearing provides a crucial "opportunity to determine whether there is any valid basis for her detention." *Id.* at 1035.  There is no indication in the record that such a hearing took place.  To the contrary, Petitioner was in full compliance with every condition of her Order of Supervision at the time of her arrest, and the government has not identified any changed circumstances justifying her re-detention.

As many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously released noncitizens like Petitioner without a pre-detention hearing.  *Fernández López v. Wofford*, No. 25-CV-01226-KES-SKO, 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) ("In immigration court, custody hearings are routine and impose a minimal cost. If the government wishes to re-arrest petitioner at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." (citation modified)).  Therefore, there is sufficient showing of likelihood that Petitioner's due process rights were violated.

Next, the Court finds that there is immediate, irreparable harm.  The Court acknowledges that General Order No. 26-05 provides that TRO applications should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or the expedited briefing schedule.  [Dkt. No. 3 at 3].  The Court finds that this case presents the requisite individualized exigency.  Specifically, Petitioner has a pending Cuban Adjustment Act application whose adjudication is concretely prejudiced by her continued

CIVIL MINUTES—
GENERAL                    Initials of Deputy Clerk <u>iv</u>

detention, as she cannot meaningfully cooperate in pursuing that application from custody. Additionally, her immigration court hearing is scheduled for April 14, 2026, meaning that the standard briefing schedule would not resolve the habeas petition before that hearing date. These circumstances, taken together, distinguish this case from one involving only a generalized challenge to detention. Additionally, Petitioner currently suffers immediate, irreparable harm because she has likely been detained in violation of her constitutional rights. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). Every minute of liberty lost while being detained in violation of Petitioner's constitutional rights cannot be addressed by a standard scheduling order. This factor thus favors Petitioner.

Finally, the balance of the hardships and public interest factors tip strongly in Petitioner's favor because she will suffer great hardship if this Court were to deny temporary injunctive relief. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (requiring the balance of hardships to "tip sharply" in the moving party's favor). In the absence of an injunction, Petitioner is experiencing and will continue to experience detention that resulted from a deprivation of her due process rights, and "the public has a strong interest in upholding procedural protections against unlawful detention." *Vargas v. Jennings*, No. 20-CV-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020). The government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's Application for a TRO. [Dkt. No. 1]. The Court **ORDERS** Respondents to immediately release Petitioner from their custody.

Respondents are **ENJOINED AND RESTRAINED** from again detaining Petitioner without notice and a pre-detention hearing where the government bears the burden of proving, by clear and convincing evidence, that the circumstances have changed as to her danger to the community or a flight risk, and that no conditions other than her detention would be sufficient to prevent those harms. *Pinchi*, 792 F. Supp. 3d at 1037–38.

CIVIL MINUTES—GENERAL

Initials of Deputy Clerk iv

Respondents are **ORDERED** to file a status report certifying compliance with the above order of release within three (3) days from the date of this Order. The Court directs the parties to present all subsequent matters in this case to the Magistrate Judge.

**IT IS SO ORDERED.**